# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re: <br> William John Nicholas and <br> Roxanne Lee Nicholas, <br><br><br> Debtors. | Bankruptcy Case <br> No. 16-40060-JDP |

---

| | |
|---|---|
| Mary Nicholas Torres, Sophia <br> Nicholas, and Georgia <br> Nicholas Labourdette, <br><br> Plaintiffs, <br><br> vs. <br><br> William John Nicholas; <br> William John Nicholas, <br> Trustee of the Beulah <br> Nicholas Living Trust; <br> Roxanne Lee Nicholas, <br><br> Defendants. | Adv. Proceeding <br> No. 16-8010-JDP |

---

## MEMORANDUM OF DECISION
## RE DEFENDANTS' MOTION TO DISMISS

---

MEMORANDUM OF DECISION – 1

**Appearances:**

> Holly Roark, Boise, Idaho, Attorney for Plaintiffs.

> Aaron J. Tolson, TOLSON & WAYMENT, Ammon, Idaho, Attorney for Defendants.

## *Introduction*

Via a motion to dismiss this adversary proceeding filed by chapter 7[1] debtors Roxanne Lee Nicholas and William John Nicholas ("Defendants"), Dkt. No. 8, the Court is asked to review the legal adequacy of the amended complaint objecting to discharge (the "Amended Complaint") filed by creditors Mary Nicholas Torres, Sophia Nicholas, and Georgina Nicholas Labourdette ("Plaintiffs"), Dkt. No. 5. The Court conducted a hearing concerning the motion on July 6, 2016. Below, the Court does its best[2] to

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Counsels' arguments at the motion hearing were less than helpful in understanding the issues and their positions regarding the motion. The Court is therefore left to analyze the issues without much guidance from the parties.

MEMORANDUM OF DECISION – 2

measure the sufficiency of the factual allegations in the Amended

Complaint under the standards for motions to dismiss in Civil Rule

12(b)(6)/Rule 7012.

### *Facts*

At bottom, this is a family feud.  As alleged in the Amended

Complaint, this adversary proceeding arises from a series of trusts created

over the years by John and Beulah Nicholas for the collective benefit of

their children, including Plaintiffs and Defendant William Nicholas.  The

last in that series was the Beulah Nicholas Trust ("the Trust"), which

became operative  in 2001 after John and Beulah had both passed away.

Defendant Williams Nicholas and Pamela Nicholas Hall were

apparently designated to serve as the co-trustees of the Trust.  Amended

Complaint, Dkt. No. 5 at ¶ 22.[3]  One of the assets of the Trust was a

---

[3] The Court operates at a disadvantage.  While the Amended Complaint refers to them, Plaintiffs did not attach copies of the Trust or the stock agreement referred to below to the Amended Complaint, nor otherwise submit them in the record.  In reciting the facts, the Court is left to rely upon Plaintiffs' allegations in the Amended Complaint concerning the contents and terms of these documents.

MEMORANDUM OF DECISION – 3

business known as the Maywood Donut Co., Inc. ("Maywood"). Pertinent to the matters at hand, the Trust provided that the parents' stock in Maywood would be distributed 46% to Defendant William Nicholas, 36% to Pamela Nicholas Hall,[4] and 6% to each of Plaintiffs Mary Nicholas Torres, Sophia Nicholas, and Georgia Nicholas Labourdette. *Id*. at ¶ 21.

A Stock Voting Trust Agreement ("Agreement") was also apparently executed in association with the Maywood stock distributions made via the Trust. *Id.* at ¶ 22. The Agreement provided that Defendant William Nicholas and Pamela Nicholas Hall, who would own the controlling interest in Maywood's stock, would also serve as Maywood's officers and directors, for which services they could receive compensation from the company. *Id*. They would not, however, be compensated for serving as co-trustees of the Trust, except for reimbursement for expenses. *Id*. Finally, the co-trustees were responsible to distribute all dividends from the company to the shareholders. *Id*.

Years later, Maywood apparently failed, and it filed a chapter 7

---

[4] Ms. Hall is not a party to the adversary proceeding.

MEMORANDUM OF DECISION – 4

bankruptcy case in California in December 2013; that bankruptcy case was

closed on January 26, 2016.  Dkt. No. 10, Ex. A.  After Defendant William

Nicholas and his spouse, Roxanne Nicholas, filed a chapter 7 bankruptcy

petition in this District on January 29, 2016, Plaintiffs commenced this

adversary proceeding on April 19, 2016.  Defendants' motion to dismiss

was filed on May 27, 2016.

### Legal Standard re:  Motions to Dismiss

Defendants' motion to dismiss is premised upon Civil Rule 12(b)(6),

made applicable in bankruptcy adversary proceedings by Rule 7012(b),

which provides that a defendant may request dismissal of a plaintiff's

complaint for "failure to state a claim upon which relief can be granted[.]"

This Court has observed that "a complaint attacked under [Civil] Rule

12(b)(6)] needs to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests' and does not need detailed factual

allegations, though it must set forth more than mere labels and

conclusions."  *Gugino v. Orlando (In re Ganier)*, 09.1 IBCR 17, 17 (Bankr. D.

Idaho 2009) (quoting *Gibson v. Ada County*, 2008 WL 4889895 at *2 (D. Idaho

MEMORANDUM OF DECISION – 5

Nov. 12, 2008)).  Indeed, "a formulaic recitation of the elements of a cause of action will not do," and instead, the factual allegations in the complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put another way, "'[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements' are not entitled to the assumption of truth." *Gugino v. Nelmap, LLC (In re Wallace)*, 13.2 IBCR 61, 62 (Bankr. D. Idaho 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In considering a motion to dismiss, the Court must consider all allegations of material fact in the complaint as true and construe them in the light most favorable to the plaintiff.  *Gugino v. Wells Fargo Bank Northwest, N.A. (In re Lifestyle Home Furnishings, LLC)*, 09.2 IBCR 41, 42 (Bankr. D. Idaho 2009).  In addition, while the Court generally may not consider extraneous material in resolving a motion to dismiss, it may consider exhibits to the complaint, or documents to which the complaint refers.  *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)); *Gugino v. Orlando,* 09.1 IBCR at 17.

MEMORANDUM OF DECISION – 6

*Analysis and Disposition*

Defendants challenge the Amended Complaint by generally arguing that it fails to state any proper claims against them because it alleges insufficient facts and suffers from vagueness. Ironically, Defendants' motion and their contentions are less than clear. Upon review of the claims stated in the Amended Complaint, that most are obviously pled in a fashion adequate to withstand a Rule 12(b)(6) attack, while others are less than adequate. Below, the Court reviews each of the nine counts in the Amended Complaint to determine if they state a claim as required by the Rules.

### *Count One*

Plaintiffs' first claim for relief seeks an exception to discharge under § 523(a)(2)(A). It focuses upon Defendants' alleged false representations or material omissions regarding a $10,000 dividend to which they believed they were entitled, Defendants' alleged participation in the perpetuation of a false claim by Pamela Nicholas Hall in the Maywood bankruptcy, and Defendants' efforts to defraud Plaintiffs as the minority shareholders in

MEMORANDUM OF DECISION – 7

Maywood by not accounting for certain receivables owed to Maywood by

Black and Brown Enterprises, a competing entity allegedly owned, at least

in part, by Defendants.  Plaintiffs allege that their claim for the damages

they suffered on account of Defendants' conduct should be excepted from

discharge in Defendants' bankruptcy case, because it amounted to false

pretenses, false representations, or actual fraud.

In order to sustain a claim under § 523(a)(2)(A), Plaintiffs must

prove, by a preponderance of the evidence, that 1) Defendants made

representations; 2) which at the time Defendants knew were false; 3)

Defendants made the representations with the intention of deceiving

Plaintiffs; 4) Plaintiffs relied on such representations; and 5) Plaintiffs

sustained damages as the proximate result of the representations.  *Wells*

*Fargo Bank Northwest, N.A. v. Covino (In re Covino)*, 04.3 IBCR 98, 103-04

(Bankr. D. Idaho 2004).  Plaintiff's first count is adequate to address these

elements.  Plaintiffs have alleged sufficient facts with enough specificity to

give Defendants fair notice of the nature of their claim and the legal

grounds upon which it rests.  If the facts as alleged are assumed to be true,

MEMORANDUM OF DECISION – 8

Plaintiffs have stated a proper claim for relief under § 523(a)(2)(A),

sufficient to withstand Defendants' motion to dismiss.

### *Count Two*

The second claim for relief is for an exception to discharge stemming

from Defendants' alleged use of a written statement that was materially

false related to their financial condition, or to that of an insider (*i.e.,*

Maywood).  Under § 523(a)(2)(B), Plaintiffs must demonstrate that

Defendants used a written statement which included:  1) a representation

of fact; 2) that was material, 3) that the Defendants knew at the time was

false; 4) that Defendants made with the intention of deceiving the

Plaintiffs; 5) upon which the Plaintiffs relied; 6) that Plaintiffs' reliance was

reasonable; and 7) that the damage proximately resulted from the

representation.  *Id*. at 105.  Again, Plaintiffs have adequately pled this

claim.

Specifically, Plaintiffs allege that Defendants created false quarterly

financial reports for Maywood showing that the company owed $42,000 to

Pamela Nicholas Hall for a loan.  Plaintiffs claim this information was

MEMORANDUM OF DECISION – 9

false, and through their use of it in connection with their dealings with

Plaintiffs, Defendants engaged in fraud.  The allegations are adequate to

withstand Defendants' motion to dismiss as to Count Two.

### *Count Three*

Plaintiffs' third count is based on § 523(a)(4) and alleges that

Defendant William Nicholas engaged in fraud while he was acting as a

fiduciary as to Plaintiffs.  More precisely, Plaintiffs allege that Defendant

William Nicholas, in his role as a co-trustee of the Trust and an

officer/director of Maywood, owed fiduciary duties to Plaintiffs as

beneficiaries of the Trust and minority shareholders of Maywood.

Plaintiffs allege that Defendant William Nicholas breached his duties in a

number of ways, including when he belatedly distributed assets of the

Trust, failed to collect rent for the use of the property of the Trust, by

transferring assets to Defendants, by using Maywood funds for himself,

and by failing to disclose information about the Trust's assets and affairs

to the beneficiaries.  Plaintiffs further allege that William Nicholas and

Pamela Hall delegated their duties of handling the finances of the Trust to

MEMORANDUM OF DECISION – 10

Roxanne Nicholas, wife of William Nicholas, who is accountable to

Plaintiffs for her breach of fiduciary duties on a third party liability theory.

Plaintiffs allege that these actions caused them injury, and that their

resulting damages should not be discharged in the bankruptcy case.

In order to prevail under § 523(a)(4), Plaintiffs must prove that 1) an

express trust existed, 2) the damages were caused by fraud or defalcation,

and 3) the Defendant acted as a fiduciary to the Plaintiffs at the time the

damages occurred.  *Medical Recovery Servs., LLC v. Ford (In re Ford)*, 12.1

IBCR 35, 36 (Bankr. D. Idaho 2012) (citing *Banks v. Gill Distrib. Ctrs., Inc. (In

re Banks)*, 263 F.3d 862, 870 (9th Cir. 2001)).  Plaintiffs have, through their

allegations, pled their claim with sufficient specificity to place Defendants

on proper notice of the claims asserted against them.  This claim is also not

subject to dismissal under Civil Rule 12(b)(6).

### *Count Four*

The fourth count of the Amended Complaint alleges that

Defendants engaged in willful and malicious conduct causing them to

suffer damages not dischargeable under § 523(a)(6).  The acts upon which

MEMORANDUM OF DECISION – 11

this claim is based include Plaintiffs' conversion of Trust and corporate

assets through self-dealing and misappropriation.  Specifically, Plaintiffs

allege the Defendants paid themselves salaries at Maywood, and repaid a

loan to Pamela Hall, instead of making rent payments to Plaintiffs as

shareholders.

In order to prevail on a claim made pursuant to § 523(a)(6), Plaintiffs

must prove two elements by a preponderance of the evidence:  1) that the

Defendants' conduct in inflicting injury on Plaintiffs was willful, and 2)

that the Defendants' actions inflicting the injury were malicious.  *Masuo v.

Galan (In re Galan)*, 12.1 IBCR 5, 7 (Bankr. D. Idaho 2012).  The allegations

set forth by Plaintiffs in their Amended Complaint are sufficient to place

Defendants on notice of what the claim is and the facts upon which it is

based.

### *Count Five*

In this count, Plaintiffs ask the Court to deny Defendants a

discharge under § 727(a)(2) because they allegedly transferred, removed,

destroyed, mutilated, or concealed their property prior to their bankruptcy

MEMORANDUM OF DECISION – 12

filing, or as to property of their bankruptcy estate following the filing.  The

elements of a § 727(a)(2) claim are, first, a disposition of property by

transfer, removal, destruction, mutilation, or concealment, and second,

that the Defendants acted with an actual intent to hinder, delay, or defraud

Defendants or the bankruptcy trustee.  *Petro Concepts, Inc. v. Mundt (In re*

*Mundt)*, 10.1 IBCR 8, 16 (Bankr. D. Idaho 2010).

Specifically, Plaintiffs allege that Defendants sold certain items of

machinery, and failed to disclose those transfers or to account for their

proceeds in their bankruptcy papers.  Plaintiffs further allege that cash

belonging to Maywood was transferred to Roxanne Nicholas's mother,

and that Defendants failed to disclose or account for such transfer.  The

Court concludes that these alleged facts are sufficient to state a claim for

relief against Defendants.

### *Count Six*

In contrast to the other counts of the Amended Complaint,

Defendants' motion to dismiss is well-taken as to Count Six.  In this count,

Plaintiffs allege that, for purposes of § 727(a)(3), Defendants, acting on

MEMORANDUM OF DECISION – 13

behalf of Maywood Donut, have "concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers, from which the [Maywood Donut's] financial condition or business transactions might be ascertained." Dkt. No. 5 at ¶ 127. No further details concerning Defendants' actions or conduct are provided.

In order to prove a claim under § 727(a)(3), Plaintiffs must demonstrate that 1) Defendants failed to maintain and preserve adequate records, and 2) that such failure makes it impossible to ascertain Maywood Donut's financial condition and material business transactions. *Petro Concepts, Inc.*, 10.1 IBCR at 14. Because the allegations in Plaintiffs' amended complaint are nothing more than a "formulaic recitation of the elements of a [§ 727(a)(3)] cause of action" and lacks factual support, even conclusory statements, Defendants' motion is granted as to this count. Plaintiffs will be granted leave to amend this portion of the Amended Complaint.

MEMORANDUM OF DECISION – 14

### *Count Seven*

This count alleges that, both before and after the Maywood bankruptcy filing, Defendants sold certain personal and company assets, and failed to disclose the transfers or their resulting proceeds.  Plaintiffs further allege that Defendants failed to disclose their interests in numerous other assets, including boats, vehicles, real property, and cash, and that they made a false accounting for them at the § 341(a) meeting in their bankruptcy case.  Because of this, Plaintiffs allege that Debtors' discharge should be denied pursuant to § 727(a)(4).

These allegations are sufficient to give the Defendants fair notice of the nature of the claim and the grounds upon which it rests, thus the Court denies Defendants' motion to dismiss as to this claim.

### *Count Eight*

Count Eight also lacks sufficient factual detail to survive Defendants' motion.  In substance, the Amended Complaint alleges only that "Plaintiffs are informed and believe and thereon allege that the Debtors have failed to explain satisfactorily, before determination of denial

MEMORANDUM OF DECISION – 15

of a discharge under this paragraph, any loss of assets or deficiency of

assets to meet the Debtor's [sic] liabilities." Of course, this is merely a

restatement of the substance of § 727(a)(5), and, standing alone, is not

sufficient to state a claim against Defendants. To deny Defendants'

discharge under § 727(a)(5), Plaintiffs must initially show that a specific

asset is missing, whereupon Defendants must thereafter provide a

satisfactory explanation concerning that asset. *Leimbach v. Lane (In re Lane)*,

03.4 IBCR 213, 215 (Bankr. D. Idaho 2003). The allegations fall short of

alleging the facts necessary to support such a claim.

### *Count Nine*

In the final count of the Amended Complaint, Plaintiffs allege that

Black and Brown Enterprises was owned, at least in part, by Defendants,

who used that business to directly compete with Maywood and thereby

defraud the Trust beneficiaries and deprive them of income. Plaintiffs

seek a declaration that Defendants hold any share of Maywood sale

proceeds, as well as their income, wages, and compensation received from

Maywood, for the Plaintiffs' benefit under a constructive trust theory.

MEMORANDUM OF DECISION – 16

In general, a constructive trust is a state-law equitable remedy which arises when legal title to property has been obtained through actual fraud, misrepresentation, concealment, or other circumstances making it unconscionable for the holder of legal title to retain a beneficial interest in the property.  See *Snider v. Arnold*, 289 P.3d 43, 45 (Idaho 2012); *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal.App. 4th 1451, 1485 (Cal.App. 2014)[5] ("A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property by one who is not justly entitled to it to one who is.")

The Court concludes that Plaintiffs have sufficiently pled this claim to withstand Defendants' motion to dismiss.

### *Res Judicata*

Defendants also contend that this action should be dismissed under Civil Rule 12(b)(6) because the bankruptcy court in California has fully administered the assets of Maywood, and in the process, fully investigated

---

[5]  The Court is not yet called upon to decide whether Idaho or California law would control this issue.

MEMORANDUM OF DECISION – 17

the assets of that business, as well as the management of the corporation.

Defendants' argument lacks merit.[6]

Res judicata, or claim preclusion, "prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.2d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart*, 297 F.3d at 956 (quoting *Owens*, 244 F.3d at 713).

Defendants have not shown, nor is it apparent from the Amended Complaint, nor does the docket for Maywood chapter 7 case[7] suggest, that the California bankruptcy court issued any final judgments or orders concerning any of the issues raised in Plaintiffs' complaint. Absent orders of the bankruptcy court concerning the matters referred to by Defendants,

---

[6] The Court doubts this argument is properly raised via a Civil Rule 12(b)(6) motion. Since it lacks merit, the Court will nonetheless address it here.

[7] Plaintiffs attached a copy of the Maywood Donut Co. bankruptcy docket to their Opposition to Defendants' motion to dismiss. Dkt. No. 10, Ex. A.

MEMORANDUM OF DECISION – 18

the mere pendency and administration of the prior bankruptcy case is

insufficient to support the application of claim preclusion or res judicata.

### *Conclusion*

With the exception of Counts Six and Eight, the Court concludes that

the allegations in Plaintiffs' Amended Complaint are sufficiently specific

to place Defendants on notice of the nature of the claims against them and

to defeat Defendants' motion to dismiss.  While Counts Six and Eight of

the Amended Complaint are deficient, and must be dismissed, Plaintiffs'

request for leave to amend them will be granted.  A separate order will be

entered.

Dated:  August 30, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 19